IN THE UNITED STATES DISTRICT COURT **FILED**

FOR THE DISTRICT OF MONTANA

JAN 2 2 2013

Clerk, U.S District Court
District Of Montana
Missoula

MISSOULA DIVISION

| | | |
|---|---|---|
| DARRIN WILLIAM CADY, | ) | Cause No. CV 12-177-M-DLC-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 23, 2012, Petitioner Darrin William Cady filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Cady is a state prisoner proceeding pro se.

Cady challenges proceedings in Montana's Twenty-First Judicial District, Ravalli County, to revoke a sentence that was imposed in 1997 but "suspended." Cady argues the 12-year suspended portion of the sentence was a parole term, but the State pursued revocation on the theory that the sentence was probationary in nature. The records of the Twenty-First Judicial District indicate that a hearing was held on January 9, 2013, and Cady was released to continued probation. Cady's time to appeal

1

that decision to the Montana Supreme Court has not yet expired. Mont. R. App. P. 4(5)(b)(i).

To preserve his right to federal habeas review, Cady must appeal that decision.[1] Generally, a federal habeas petitioner must first present to the state courts the facts and the basis in federal law of each individual claim he presents in his federal habeas petition. *Rose v. Lundy*, 455 U.S. 509, 520 (1982). He must also present each claim in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requirement is referred to as exhaustion of state remedies.

Appeal of the revocation judgment is the "normal state channel[] for review," *Pitchess v. Davis*, 421 U.S. 482, 488 (1975) (per curiam); Mont. Code Ann. § 46-20-101(1) (2011), and will exhaust "one complete round of the State's established appellate review process," *Boerckel*, 526 U.S. at 845. Of course, any allegations

---

[1] On June 6, 2012, Cady filed a petition for writ of supervisory control in the Montana Supreme Court, raising claims he raises here. But the right to federal habeas review is not preserved by presenting a claim in state court "for the first and only time" in an unusual procedural device like a petition for supervisory control. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Under Montana law, supervisory control "is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions," and when one of three other factors is present. Mont. R. App. P. 14(3). The Montana Supreme Court did not reach the merits of Cady's claims because he did not "establish[] any of the factors essential to a claim for supervisory control." Order at 2, *Cady v. Langton*, No. OP 12-0352 (Mont. July 10, 2012). The court specifically chose to "defer to the District Court to ascertain the type of supervision to which Cady was subject at the time he absconded, and to address the revocation proceedings accordingly." *Id.* Accordingly, under the rule of *Peoples*, Cady's petition for writ of supervisory control did not fairly present federal claims to the Montana Supreme Court. He can preserve his right to federal habeas review only by appealing in the usual way.

2

concerning facts not in the record on direct appeal must be developed collaterally, *e.g.*, Mont. Code Ann. § 46-21-101 *et seq.*, before Cady may present them in a federal habeas petition. Finally, Cady will almost certainly be prevented from filing more than one federal habeas petition to challenge the revocation, so he must be sure he has properly presented *all* claims for relief in the state courts before filing in federal court. 28 U.S.C. § 2244(b).

Because Cady has not properly exhausted any of the claims in his federal petition, the petition should be dismissed without prejudice for failure to exhaust. Dismissal on this basis will not make any future federal habeas petition a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b). *Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

A certificate of appealability is not warranted because there is no doubt about the correctness of the procedural ruling. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529 U.S. at 484). To the extent a brief look at the merits is required, Cady's petition appears frivolous; he absconded from supervision in 2003, years before his sentence expired even if the 12-year portion was served on parole and subject to reduction for good time. Therefore, he has made no showing that he was deprived of a federal constitutional right. 28 U.S.C. § 2253(c)(2).

3

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Cady may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Cady files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Cady from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and

Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Cady must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 22nd day of January, 2013.

Jeremiah C. Lynch
United States Magistrate Judge